# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                          §
                                §
SHIRAZI, PARVEZ H.              §     Case No. 08-17167
                                §
_____Debtor(s)_____         §

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that DAVID R. BROWN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

        CLERK, U.S. BANKRUPTCY COURT
        7th Floor, Federal Building
        219 South Dearborn Street
        Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 9:30 AM on 11/16/2012 in Courtroom 4016,

        DuPage County Courthouse
        505 North County Farm Road
        Wheaton, IL 60187

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____     By: _____

*DAVID R. BROWN*
*400 SOUTH COUNTY FARM ROAD*
*SUITE 330*
*WHEATON, IL 60187*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
SHIRAZI, PARVEZ H. § Case No. 08-17167
§
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 87,586.00 |
| and approved disbursements of | $ | 52,122.59 |
| leaving a balance on hand of[1] | $ | 35,463.41 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | First Bank | $ 10,533.69 | $ 10,543.69 | $ 0.00 | $ 10,543.69 |

| | | |
|---|---|---:|
| Total to be paid to secured creditors | $ | 10,543.69 |
| Remaining Balance | $ | 24,919.72 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID R. BROWN | $ 7,629.30 | $ 0.00 | $ 7,629.30 |
| Accountant for Trustee Fees: ALAN D. LASKO & ASSOCIATES, P.C. | $ 4,585.50 | $ 0.00 | $ 4,585.50 |
| Accountant for Trustee Expenses: ALAN D. LASKO & ASSOCIATES, P.C. | $ 97.85 | $ 0.00 | $ 97.85 |

| | | |
|---|---|---:|
| Total to be paid for chapter 7 administrative expenses | $ | 12,312.65 |
| Remaining Balance | $ | 12,607.07 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 43,996,032.89 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | LEAF Financial Corporation, as assignee of Toshiba | $ 68,551.19 | $ 0.00 | $ 19.64 |
| 4 | People of the State of Illinois | $ 40,000,000.00 | $ 0.00 | $ 11,462.01 |
| 5 | Tygris Asset Finance, Inc. as successor in interes | $ 856,185.00 | $ 0.00 | $ 245.34 |
| 6 | TBF Financial LLC | $ 7,497.44 | $ 0.00 | $ 2.15 |
| 7 | CIT Group/Equipment Financing Inc | $ 97,903.47 | $ 0.00 | $ 28.05 |
| 9 | CHASE BANK USA, NA | $ 18,917.91 | $ 0.00 | $ 5.42 |
| 10 | CHASE BANK USA, NA | $ 32,066.04 | $ 0.00 | $ 9.19 |
| 11 | Andrew L Unterlack | $ 14,880.80 | $ 0.00 | $ 4.26 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 12 | Citizens Community Bank of Illinois | $ 388,929.53 | $ 0.00 | $ 111.45 |
| 13 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 20,497.45 | $ 0.00 | $ 5.87 |
| 14 | Golf Medical Partners | $ 927,902.73 | $ 0.00 | $ 265.89 |
| 15 | Bruce R. Greenspahn | $ 463,951.37 | $ 0.00 | $ 132.95 |
| 16 | Stonegate Properties, Inc. | $ 112,146.40 | $ 0.00 | $ 32.14 |
| 1A | First Bank | $ 986,603.56 | $ 0.00 | $ 282.71 |

Total to be paid to timely general unsecured creditors    $ 12,607.07

Remaining Balance    $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 14,880.80 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 17 | CoActiv Capital Parners, Inc., Assignee | $ 14,880.80 | $ 0.00 | $ 0.00 |

Total to be paid to tardy general unsecured creditors    $ 0.00

Remaining Balance    $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/ David R. Brown
David R. Brown, Trustee

*DAVID R. BROWN*
*400 SOUTH COUNTY FARM ROAD*
*SUITE 330*
*WHEATON, IL 60187*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.